IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Ada N. Lòpez-Santiago, Angel Luis Ramos-Torres y La Sociedad Legal de Gananciales Compuesta Entre Ellos,**<br><br>     Plaintiffs,<br><br>v.<br><br>**Dra. Yolanda Molinaris Gelpí, su esposo de nombre desconocido Fulano De Tal; La Sociedad Legal De Ganaciales Compuesta Entre Ellos; Su Aseguradora De Nombre Desconocido X; Centro Médico del Turado, Inc., H/N/C/ Hospital HIMA San Pablo De Humacao; Su Aseguradora De Nombre Desconocido Z,**<br><br>     Defendants. | CIVIL NO. 14-_____<br><br>**Federal Tort Claims Act** |

NOTICE OF REMOVAL

**TO THE HONORABLE COURT:**

COMES NOW Co-defendant, *Dr. Yolanda Molinaris-Gelpí,* and *Corporación de Servicios de Salud y Medicina Avanzada* (hereinafter "COSSMA"), deemed employees of the U.S. Department of Health and Human Services ("HHS") covered under the Federally Supported Health Centers Assistance Act ("FSHCAA" or the "Act"), (42 U.S.C. § 233(g)-(n)), and through the undersigned attorneys respectfully allege and pray:

1. *Dr. Yolanda Molinaris-Gelpí* was employed by *Corporación de Servicios de Salud y Medicina Avanzada* (hereinafter "COSSMA"); and both are covered under the Federally Supported Health Centers Assistance Act, [42 U.S.C. § 2339(g)-(n) (F.S.H.C.A.A.)]. Dr. Molinaris-Gelpí was acting within the scope of coverage at the time she delivered the Plaintiffs' infant at Centro Médico del

1

Turabo, Inc., d/b/a Hospital HIMA de Humacao (hereinafter "HIMA"). And therefore, any medical services rendered by Dr. Molinaris-Gelpí while at "HIMA" are covered under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 ("FTCA"). Dr. Molinaris-Gelpí is defendant in a civil action now pending in the Court of First Instance of the Commonwealth of Puerto Rico, Humacao Superior Court, Civil Case Number HSCI201400241, in which trial has not been held therein. Copies of all pleadings served on the appearing Co-Defendant is attached hereto in the Spanish language.

    2. Dr. Yolanda Molinaris-Gelpí, while employed at "COSSMA" was a deemed employee of "HHS," and she is also a defendant in the above mentioned civil case before the Humacao Superior Court, Civil Case Number HSCI201400241, in which trial has not been held therein.

    3. On February 20, 2014, this tort action was commenced against Dr. Yolanda Molinaris-Gelpí, mentioned in paragraphs one and two above, claiming tort damages as a result of alleged medical malpractice. Copies of all pleadings served on the appearing Defendants are attached hereto in the Spanish language.

    4. This Notice for Removal is brought pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442, and Title 28, U.S.C. §§ 1446, 2679, 2679(d)(2). Also see 42 U.S.C. §233(c) which permits removal of a case, at any time before trial. Said action in state court, filed against appearing co-defendant, is a civil tort claim for money damages against deemed employees of the Federal Government of the United States of America.

    5. Removal is effected by the co-defendant taking three procedural steps: filing a Notice of Removal in the Federal Court, filing a copy of the notice in the state court, and giving prompt written notice to all adverse parties. 28 U.S.C.A. § 1446(d).

    6. The purpose of the requirement that a copy of the petition for removal be promptly filed in the state court is to inform the judge of the state court that he can proceed no further with the

case until the federal court decides whether it will retain jurisdiction. 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Juris. § 3737( 3rd. ed.) at footnote 1.

7. Under 28 U.S.C. §1446, a Notice of Removal is effective without judicial order unless a remand is ordered, and it is critical that removing parties honor procedural safeguards set forth in that statute such as notice to opposing counsel *Adler v. Adler*, 862 F. Supp. 70,72 (S.D.N.Y. 1994).

8. The United States District Court for the District of Puerto Rico has expressed that the State Court is divested of jurisdiction upon filing and notification of the notice without further delay in the absence of a remand of the case. The Federal Court takes jurisdiction over all of the claims that had been brought to the State Court. See *Torres v. Four Star Industries*, 55 F. Supp.2d 91 (D.P.R. 1999)

"Further, because 28 U.S.C. §144l(c) is the removal equivalent of supplemental jurisdiction, the Court finds that all of the claims brought in state court are within the jurisdiction of this Court. *See* Erwin Chemerinsky, Federal Jurisdiction § 5.5 (2nd ed. 1994)." Id. at 94.

9. The wording of Section 1446(e) gives a clear indication of the Congressional intent that removal be effective upon the completion of its requirements with nothing further required. See *Adair Pipeline Co. v. Pipeliners Local Union,* 203 F.Supp. 434 (S.D.Tex.1962), Affd. 325 F.2d 206 (5th Cir. 1963)." *Cook v.Cook*, 395 A.2d 722 (R.I. 1978).

10. The First Circuit has interpreted §1446(d) to mean that the minute that all its requirements are met, the removal is in effect. Thereafter, any action by the State Court with respect to the case so removed is null and void. See, *Polyplastics Inc. v. Transcomex, Inc.,* 713 F.2d 875 at 880 (1st Cir. 1983) and *Hyde Park Partners v. Connolly*, 839 F.2d 837,842 (1st. Cir.1988).

11. The Federal Tort Claims Act, 28 U.S.C. 2671, et. seq. (FTCA), is the exclusive remedy of a claimant seeking recovery of damages based on the tortuous conduct of a federal agency or employee acting within the scope of his employment. The proper party defendant pursuant the provisions of the F.T.C.A. is the United States, 28 U.S.C. § 2679.

WHEREFORE, in view of the foregoing, the present action shall stand removed from the Superior Court of the Commonwealth of Puerto Rico, Arecibo Part, to the United States District Court for the District of Puerto Rico.

In San Juan, Puerto Rico this 5th day of November, 2014.

I hereby certify: that on this same date a true copy of the foregoing Notice of Removal and related documentation has been mailed to: Teresa Rosario Badillo, Esq., 1055 Avenida J.F. Kennedy, Suite 307, San Juan, P.R 00920-1713; and to Natalie González Méndez, Esq., Montijo & Montijo Law Offices, Urb. Roosevelt, 534 Octavio Marcano St., San Juan, P.R. 00918-2747.

ROSA EMILIA RODRIGUEZ VELEZ
United States Attorney

s/*Agnes I. Cordero*                .
Agnes I. Cordero
Assistant U.S. Attorney
U.S.D.C. 126101
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, Puerto Rico 00918
Tel. 787-766-5656/Fax: 787-766-6219
Agnes.Cordero@usdoj.gov